**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**


THOMAS R. KOZAK,
THOMAS S. KOZAK,

    *Plaintiffs*,

v.

LAKE STATE RAILWAY COMPANY,
STRAITS CORPORATION, SAGINAW
MIDLAND MUNICIPAL WATER SUPPLY
CORPORATION, REBECCA GILLARD,
LYLE TOLFREE, JOHN TRYBAN,
KATHY COOPER, KEVIN MITRZYK,
MARGIE BRIGHAM, MARK NAGY,
NATALIE RIGG, TINA WOGAN,
WIL GAMBLE, WILLIAM F. BARTLETT,
GARY PETERS,

    *Defendants*.
_____/

CASE NO. 09-CV-14695

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULES 4(c)(1) and 4(m) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**


**I.    RECOMMENDATION**

    **IT IS RECOMMENDED** that Defendants Rebecca Gillard, Lyle Tolfree, John Tryban, Kathy Cooper, Kevin Mitrzyk, Margie Brigham, Mark Nagy, Natalie Rigg, Tina Wogan, Wil Gamble, and Gary Peters be *sua sponte* **DISMISSED** for failure to serve process within the time period allowed under Rule 4(m) of the Federal Rules of Civil Procedure.

## II. **REPORT**

This case was filed on December 2, 2009, and Plaintiffs paid the full filing fee. On December 11, 2009, it was referred to the undersigned magistrate judge for pretrial case management. (Doc. 2.)

Pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). Rule 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendants' right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *See also Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486, 65 L. Ed. 2d 532 (1980) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

In this case, the *pro se* complaint was filed on December 2, 2009, and therefore Rule 4(m) allowed Plaintiffs until April 2, 2010, to effect service of process on the Defendants. That deadline

2

passed more than a month ago and there is no indication that Plaintiffs have served the following Defendants: Rebecca Gillard, Lyle Tolfree, John Tryban, Kathy Cooper, Kevin Mitrzyk, Margie Brigham, Mark Nagy, Natalie Rigg, Tina Wogan, Wil Gamble, and Gary Peters. Therefore, I suggest that, unless Plaintiffs are able to demonstrate good cause for the failure to serve these Defendants in their objection to this Report and Recommendation, these Defendants should be *sua sponte* dismissed without prejudice.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                     s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: May 24, 2010                           United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail Thomas R. Kozak at 6120 Gilmore St., Belleville, MI, 48111-1021; on Thomas S. Kozak at 8270 Gray St., Westland, MI, 48185-1102; electronically served on Thomas A. Connolly, James M. Hammond and Christina Grossi; and served in the traditional manner on District Judge Ludington.

Date: May 24, 2010                          By     s/*Jean L. Broucek*
                                                       Case Manager to Magistrate Judge Binder