**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

THOMAS R. KOZAK,
THOMAS S. KOZAK,

    *Plaintiffs*,

v.

LAKE STATE RAILWAY COMPANY,
STRAITS CORPORATION, SAGINAW
MIDLAND MUNICIPAL WATER SUPPLY
CORPORATION, REBECCA GILLARD,
LYLE TOLFREE, JOHN TRYBAN,
KATHY COOPER, KEVIN MITRZYK,
MARGIE BRIGHAM, MARK NAGY,
NATALIE RIGG, TINA WOGAN,
WIL GAMBLE, WILLIAM F. BARTLETT,
GARY PETERS,

    *Defendants*.
_____/

CASE NO. 09-CV-14695

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT LAKE STATE RAILWAY COMPANY'S
MOTION TO DISMISS, DEFENDANT WILLIAM F. BARTLETT
AND DEFENDANT STRAITS CORPORATION'S MOTION TO DISMISS, and
DEFENDANT SAGINAW MIDLAND MUNICIPAL WATER SUPPLY
CORPORATION'S MOTION TO DISMISS**
(Docs. 9, 19, 24)

**I.    RECOMMENDATION**

For the reasons stated below, **IT IS RECOMMENDED** that Defendants' motions to dismiss be **GRANTED** and the case be dismissed with prejudice because Plaintiffs' federal claims

are barred by the statute of limitations and the Court should decline jurisdiction over the state law claims.[1]

## II. **REPORT**

### A. Introduction

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general case management on December 11, 2009. (Doc. 2.) Pending are the above-entitled motions to which Plaintiffs have responded. Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

### B. Background

Plaintiffs Thomas R. Kozak and Thomas S. Kozak filed their *pro se* complaint on December 2, 2009, naming fifteen defendants. On May 24, 2010, the undersigned magistrate judge recommended *sua sponte* dismissal of eleven defendants for failure to serve process within the time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure. The four remaining defendants have filed motions to dismiss which are the subject of this report and recommendation.

In the complaint, Plaintiffs state that they purchased real property in Kawkawlin Township, Bay County, Michigan, in 1966. They allege that:

> 5. Defendants['] actions caused Plaintiff[']s property to flood.
>
> 6. As a result of the flooding caused by the Defendants, Plaintiffs suffered monetary damages as well as having their Civil Rights violated.

---

[1] In the event that this Report and Recommendation is adopted, Defendant Saginaw Midland Municipal Water Supply Corporation's Motion to Dismiss Without Prejudice on the Basis of Improper Service (Doc. 4) will be moot.

7. To this day Defendants continue to cause Plaintiff damage to Plaintiffs['] property by obstructing the existing and natural flow of storm water.

(Compl. at 3.)

Defendant Lake State Railway states that it "maintains a line of rail abutting the eastern border of the property at issue," and acknowledges that a 60-inch water main was installed on the eastern side of the railroad tracks that "disrupted the natural flow of water in the area." (Doc. 9 at 3.)

Plaintiffs' legal claims fall into four categories: (1) violation of 42 U.S.C. § 1983 for deprivation of property; (2) violation of 49 C.F.R. § 213.33, which applies to railroads and provides that "[e]ach drainage or other water carrying . . . facility under or immediately adjacent to the roadbed shall be maintained and kept free of obstruction, to accommodate expected water flow for the area concerned"; (3) violation of the Michigan drain code, MICH. COMP. LAWS § 280.422, which provides in part that "Railroad or railway companies . . . and other utilities shall not obstruct established drains, nor shall they lessen the area of any drain through their track bed or right of way"; and (4) state law claims of conversion, intentional infliction of emotional distress, and abuse of process.

### C. Standard of Review

When deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint

must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled

4

to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### D. Parties' Arguments

Defendants Saginaw Midland Municipal Water Supply Corporation, Lake State Railway Company, William F. Bartlett, and Straits Corporation (hereafter "Defendants") have filed motions to dismiss. Plaintiffs filed responses to the motions on April 30, 2010 (Doc. 22, 23), May 3, 2010 (Doc. 21), and June 4, 2010. (Doc. 28.)

Defendants assert several grounds for dismissal. First, they contend that dismissal with prejudice is required because, although the complaint does not indicate the date when the water main was installed and the alleged flooding problems began, the complaint nevertheless clearly shows that Plaintiffs were aware of the problem no later than 1999, and therefore all federal claims are barred by the three-year statute of limitations. (Doc. 9 at 5; Doc. 17 at 7-8; Doc. 24 at 10.) Defendants assert that despite Plaintiffs' attempts to plead a continuing injury by stating, "to this day Defendants continue to cause Plaintiff damage to Plaintiffs['] property by obstructing the existing and natural flow of storm water . . .," (Doc. 1 ¶ 7), the attempt fails because Plaintiffs have not claimed continuous tortious acts, but merely continuing harm from an original act. (Doc. 9 at 5; Doc. 19 at 8.) Defendants further assert that with regard to the claims brought under the Code of Federal Regulations, the statute of limitations is likewise three years and therefore these claims are also barred by the statute of limitations.

Defendants' other arguments in favor of dismissal are that (1) Plaintiff Thomas R. Kozak has no standing because there are no allegations of fact to indicate that he possesses any interest

5

in the land at issue. (Doc. 9 at 4; Doc. 19 at 5); (2) the Section 1983 claim fails because there are no governmental entities named as defendants, and there is no allegation that any defendant acted under the color of state law (Doc. 9 at 4; Doc. 19 at 7); and (3) since Plaintiffs have failed to allege a viable federal claim, the Court should decline to entertain jurisdiction over the claims brought under Michigan law. (Doc. 9 at 6; Doc. 19 at 9.)

Plaintiffs' *pro se* responses focus on the complexity of the issues when railroads are involved, the severe emotional distress they have suffered, and Plaintiffs' belief that this Court should not act until it has all the evidence. Plaintiffs assert that they are not required to "name a State in this action" as it has long been recognized that rights in property are a basic civil right entitled to the full protection of the Fourteenth Amendment regardless of who has committed the offense. (Doc. 21 at 5.) With regard to the statute of limitations defense, Plaintiffs claim that the text of 49 C.F.R. § 213.33 – "maintain and keep the drains free from obstruction . . ." – shows that Defendants have an ongoing duty and therefore no statute of limitations applies. (*Id.*) Plaintiffs assert that Defendants' motions to dismiss are nothing more than a "stall tactic." (Doc. 22 at 6.)

### E. Analysis & Conclusion

The statute of limitations for civil rights actions is defined by state law. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). For civil rights suits filed in federal courts in Michigan, the statute of limitations is three years. MICH. COMP. LAWS § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). Likewise, for claims of injury to property, the statute of limitations is three years. MICH. COMP. LAWS § 600.5805(10).

Although statutes of limitations are governed by state law, the question of when the claims accrue remains one of federal law. *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). As a general rule, a cause of action "accrues" and the statute of limitations thereon begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). Continuing violations can extend the statute of limitations, but courts have held that "a continuing violation is occasioned by continued unlawful acts, not continual ill effects from an original violation." *Tolbert v. State Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999). "[C]urrent effects alone cannot breathe life into prior [acts] . . . such effects in themselves have 'no present legal consequences.'" *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 127 S. Ct. 2162, 2169, 167 L. Ed. 2d 982 (2007).

In this case, Plaintiffs attached three documents to their complaint.[2] The first document is dated September 30, 1999, and is a letter from Straits Corporation to Lake State Railway Company. (Compl. Ex. 1.) The first sentence states that "Mr. Kozak has forwarded your requirements for the ditch clean out in Kawkawlin Township that he has proposed," and the "CC" at the conclusion of the letter indicates that a copy went to "Tom Kozak." (*Id*.) The second document is dated March 4, 2004, was authored by the Kawkawlin Township Supervisor, was addressed to "To Whom it May Concern," and discusses the drainage issues on the Kozak

---

[2]Exhibits attached to the complaint may be taken into account on a motion to dismiss without converting the motion to one for summary judgment. *See Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

7

property. (Compl. Ex. 2.) The third document is dated April 11, 2000, and is from Michigan State Representative Joseph Rivet to Mr. Tom Kozak. Representative Rivet states:

> I have made several inquiries and met with Lake States Rail Company officials on site. Clearly, there is a drainage problem in the area. Resolving the matter in the most appropriate manner is the question. Your property, neighboring properties and the road have been negatively impacted by the standing water. . . .
>
> . . . The prospect of having standing water along the 1500 foot of the new ditch is what troubles Lake States.

(Compl. Ex. 3.)

I suggest that these documents clearly show that Plaintiffs knew of the injury that provides the basis for their claims at least by the year 2000, which means that the statute of limitations expired in 2003. This case was filed in December 2009, more than six years after the statute of limitations expired. Furthermore, Plaintiffs have not alleged that Defendants took any additional actions within the three-year period before this suit was filed, but rather they allege in the complaint that the *damage* is continuing to this day. (*See* Compl. ¶ 7.) As explained in *Tolbert*, *supra*, continued ill effects does not extend the statute of limitations, only continued wrongful acts can do so. Here, where the complaint demonstrates that Plaintiffs knew of the injury that provides the basis of their claim at least nine years prior to filing suit and have not alleged any continuing wrongful acts, but only continuing harmful effects, I suggest that the federal claims are barred by the statute of limitations and that they should be dismissed with prejudice.

The remaining claims of violation of the drain code, conversion, intentional infliction of emotional distress, and abuse of process are brought pursuant to Michigan law. I suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain the pendent state law claims.

8

*See id.* at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

Accordingly, I suggest that the case be dismissed in its entirety.

### III. <u>Review</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                              s/ *Charles E Binder*
                                              CHARLES E. BINDER
Dated: June 15, 2010                        United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Thomas A. Connolly, James H. Hammond, and Christina Grossi; and served by first class mail on Thomas R. Kozak at 6120 Gilmore St., Belleville, MI, 48111-1021; and Thomas S. Kozak at 8270 Gray St., Westland, MI, 48185-1102; and on District Judge Ludington in the traditional manner.

Date: June 15, 2010                     By    s/*Jean L. Broucek*
                                                         Case Manager to Magistrate Judge Binder